UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-52 (JRT/SRN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABDEL-ILAH ELMARDOUDI,<br><br>Defendant. | ) | DEFENDANT'S PRETRIAL MOTION TO DISMISS INDICTMENT FOR VIOLATION OF SPEEDY TRIAL ACT AND UNITED STATES CONSTITUTION |

Abdel-Ilah Elmardoudi, through his undersigned counsel, moves the Court to dismiss the Indictment currently pending against him for violation of the Speedy Trial Act, 18 U.S.C. § 3161, the Sixth Amendment and the Due Process Clause of the United States Constitution. Mr. Elmardoudi contends that excessive and lengthy pretrial delay in the above-captioned case deprived him of his rights and unduly prejudiced him, and the required remedy is dismissal with prejudice.

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall enjoy the right to a speedy trial. See Doggett v. United States, 507 U.S. 647, 651(1992). The relevant inquiries in a speedy trial claim are (1) whether the delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result. Id. at 2690;

Barker v. Wingo, 407 U.S. 514 (1972). In order to "trigger" speedy trial analysis, an accused must allege that the interval between the accusation and the trial has crossed a line "dividing ordinary from 'presumptively prejudicial' delay." See Doggett, 505 U.S. at 651-52 (quoting Barker v. Wingo, 407 U.S. at 530-31). Similarly, the Speedy Trial Act expresses time limits for most stages of a criminal case. In this case, the relevant section requires that a defendant be brought to trial within seventy days of being charged by indictment. 18 U.S.C. § 3161(c)(1)

In this case, Mr. Elmardoudi was originally charged in the District of Minnesota by Complaint on February 7, 2001. On March 6, 2001, an Indictment issued.
Mr. Elmardoudi was released from custody on February 9, 2001, and fled the halfway house in which he was held on April 19, 2001, leaving the jurisdiction. He was eventually rearrested in Michigan and faced charges in Michigan for terrorism. Although he was convicted of some charges on June 3, 2003, they were later dismissed because the government admitted and the district court found that the prosecutor had committed misconduct but not disclosing exculpatory evidence. The dismissal in Michigan occurred in September, 2004.

Following the dismissal of the Michigan charges, Mr. Elmardoudi then expressed a desire to plead guilty to the pending Minnesota charge and possible pending charges in Iowa. Toward that end, Mr. Elmardoudi met with prosecutors, gave extensive proffers, traveled to Iowa for three months, and waited for a long time. No plea agreement came.

In July 2005, Mr. Elmardoudi filed a writ of habeas corpus demanding release. That petition was never ruled on, but it did hasten action by the government, who said that a plea agreement would promptly follow a polygraph examination. Again, Mr. Elmardoudi waited, and again no agreement arrived. Mr. Elmardoudi then took and passed a polygraph examination in August 2005. Finally, in September 2005, a draft plea agreement was provided to Mr. Elmardoudi and was rejected.

Mr. Elmardoudi then told his counsel in Minnesota and Michigan that he would not plead guilty and demanded a speedy trial. It is still believed that no charges are pending in Iowa. Mr. Elmardoudi was finally transferred back to Minnesota on February 1, 2006.

It is Mr. Elmardoudi's position that he negotiated in good faith with the government for a time, but that the extreme delays in the provision of a plea agreement and in returning him to Minnesota were unjustified, not excludable, and require dismissal of the Indictment currently pending against him. Mr. Elmardoudi further argues that he has been prejudiced in several ways, including the length of pretrial incarceration under sometimes onerous conditions, the death of his mother during the pendency of the case, and the long delay hampering his ability to prepare a sound defense.

Mr. Elmardoudi makes this motion based upon the files and records, and on any such reasons as will appear at a hearing on this motion.

Dated: February 28, 2006

Respectfully submitted,

***s/ Katherine M. Menendez***

KATHERINE M. MENENDEZ
Attorney ID No. 278014
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415