UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 01-52 (JRT/SRN)

-------------------------------

United States of America,

Plaintiff,

vs.

MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF CUSTODY

Abdel-Ilah Elmardoudi,

Defendant.

-------------------------------

On September 2, 2004, the United States District Court for the Eastern District of Michigan granted a defense motion to dismiss, joined by the Government, and dismissed terrorism charges against Mr. Elmardoudi.

In August 2005, Mr. Elmardoudi was polygraphed about his terrorism ties, denied them, and passed the polygraph. This information was forwarded to the United States Marshal, which designates the security level at an institution holding prisoners awaiting trial.

Despite this background, the United States Marshal’s Service considers Mr. Elmardoudi a terrorist. This designation is based on an alleged pre – 9/11 association with an alleged Al Queda member named Nabil Elmarab. This “proof” is particularly noteworthy since it excludes the association with the alleged terrorists that Mr. Elmardoudi

was tried with in Michigan.[1] For his part, Mr. Elmardoudi testified that he had seen Elmarab, who failed to identify him in a pretrial hearing in the Michigan case, and denied ever associating or living with him, a refutation not challenged by the Government.

In keeping with the terrorism tag, at the motions hearings, Mr. Elmardoudi was accompanied by at least 5 Deputy Marshals and testified with a Deputy Marshal to his rear. Counsel asked the Court to take judicial notice of this fact, adding that this setup had to result from United States Marshal protocols for dealing with alleged terrorists. For its part, the Government did not deny this characterization, simply noting on the record that Mr. Elmardoudi did not appear to be intimidated during his testimony.

As a result of the brand as a terrorist, since September 2004 (and before, for that matter), Mr. Elmardoudi has been held in maximum security settings, replete with solitary confinement and indiscriminate room searches. His latest “home” is the the administrative control unit of the MCF – Oak Park Heights, reserved for Minnesota’s most violent and dangerous criminals.

To suggest that the reason for this barbaric treatment is flimsy is to do a disservice to the word. At a minimum,

[1] The Deputy United States Marshal also commented about the fact that Mr. Elmardoudi switches Arabic dialects when he is on the phone, though he acknowledged that he was probably talking to his mother. Counsel has previously represented a Nigerian in a fraud case who was detained in the Anoka County Jail pending trial. He, no doubt, spoke an African dialect or two, and did not land at the MCF – Oak Park Heights. The same can be said for any number of Ethiopian, Somali, Lao and Cambodian detainees.

he should be moved to a county jail forthwith. At a maximum, since he has already served the equivalent of 52 months, he should be moved to a halfway house.

Dated: May 5, 2006

Douglas B. Altman
Attorney for Defendant
901 North Third Street
Suite 140
Minneapolis, MN 55401
(612) 335-3700
Attorney Reg. No. 13854X